# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD D. BEVAN,

    Petitioner,

v.          CASE NO. 19-3254-SAC

STATE OF KANSAS,

    Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs petitioner to show cause why this matter should not be dismissed as time-barred.

### Background

Petitioner was convicted in the District Court of Sedgwick County Kansas of involuntary manslaughter, involuntary manslaughter while driving under the influence of alcohol, and aggravated battery. The Kansas Court of Appeals (KCOA) affirmed the convictions. *State v. Bevan*, 303 P.3d 727 (Table), 2013 WL 3791700 (KS Ct. App. Jul 19, 2013), *rev. denied*, Apr. 28, 2014. On July 17, 2015[1], petitioner filed a motion for post-conviction relief under K.S.A. 60-1507. The district court conducted an evidentiary hearing and denied relief. The KCOA affirmed. *Bevan v. Cline*, 422 P.3d 690 (Table), 2018 WL 3486565 (Kan. Ct. App.

---

[1] The Court has identified the filing date by referring to on-line records maintained by the Kansas district courts. *See* www.kansas.gov/countyCourts/search/records.

Jul 20, 2018), *rev. denied*, Jan. 18, 2019.

**Discussion**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by §2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the U.S. Supreme Court allow ninety days from the date

of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). The limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the

statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

Here, the Kansas Supreme Court entered its final ruling denying a motion for review in petitioner's direct appeal on April 28, 2014, and the limitation period began to run ninety days later, upon the expiration of the time for seeking review in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001)(holding limitation period in § 2244(d) begins to run upon denial of certiorari review by the U.S. Supreme Court, or, where no petition for certiorari is filed, after the 90-day time for filing for such review expires). Therefore, the limitation period began to run in late July 2014 and continued to run until petitioner filed his state post-conviction action on July 17, 2015, approximately eleven months later. At that

point, the limitation period was tolled, or paused, due to the pending state court action. Approximately one month remained on the limitation period.

The limitation period remained tolled until the Kansas Supreme Court denied review in petitioner's action under K.S.A. 60-1507 on January 18, 2019. The limitation period began to run again on January 19, 2019, and expired approximately one month later.

Because petitioner did not commence this action until December 2019, his petition is not timely and is subject to dismissal unless he can demonstrate grounds for equitable or statutory tolling. The Court will direct him to show cause why this matter should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **January 13, 2020,** to show cause why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period.

**IT IS SO ORDERED.**

DATED: This 12th day of December, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge