# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RONALD D. BEVAN,**

                **Petitioner,**

        **v.**                                            **CASE NO. 19-3254-SAC**

**STATE OF KANSAS,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On December 12, 2019, the Court entered a Notice and Order to Show Cause (NOSC) directing petitioner to show cause why this matter should not be dismissed as time-barred.

The NOSC explained that the one-year limitation period under 28 U.S.C. § 2244(d) began to run in late July 2014, after the expiration of the time to seek review in the U.S. Supreme Court. The limitation period then ran until mid-July 2015, when petitioner filed a motion under K.S.A. 60-1507. This tolled the running of the limitation period with approximately one month remaining. The limitation period resumed running in January 2019, when the Kansas Supreme Court denied review in the action under 60-1507, and expired approximately one month later. Because petitioner did not commence this action until December 2019, it was not filed within the limitation period.

In response to the NOSC, petitioner submitted a letter explaining that his appellate attorneys advised him that he had one year from the time his appeal was finalized to file a federal habeas corpus

petition[1]. He also argues that the failure to consider his petition will result in manifest injustice.

The limitation for filing a habeas corpus action may be equitably tolled if the petitioner establishes (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstance prevented him from timely filing. *Lawrence v. Florida*, 549 U.S. 327 (2007). Such equitable tolling, however, is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015)(quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)).

To the extent petitioner seeks equitable tolling based upon the information contained in the letter from his attorney, the Court finds no extraordinary circumstance that would allow him to proceed. Here, the letter from his attorney contained only a general statement of the limitation period with advice that petitioner contact other possible sources of assistances as soon as possible. It does not appear that petitioner sought any such advice, and his misunderstanding of the controlling time limitations does not warrant equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000)("it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Nor does petitioner plausibly allege any circumstances that support a finding of manifest injustice.

For the reasons set forth, the Court concludes the present petition is time-barred under 28 U.S.C. § 2244(d) and that petitioner has not shown any circumstances that warrant equitable tolling. The Court therefore will dismiss this matter as time-barred. The Court

---

[1] Petitioner attaches a letter from his Kansas appellate attorney dated January 24, 2019, that advises him that "strict filing deadlines" exist and advising him of legal offices that may provide assistance. (Doc. 7, p. 6.).

also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as time-barred. No certificate of appealability will issue.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 5) is granted.

**IT IS SO ORDERED.**

DATED: This 14th day of January, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge