# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RONALD D. BEVAN,**

          **Petitioner,**

        **v.**                                          CASE NO. 19-3254-SAC

**STATE OF KANSAS,**

          **Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's motion for reconsideration of the Court's January 14, 2020 memorandum and order dismissing the present petition as time-barred under 28 U.S.C. § 2244(d). (Doc. 15.)

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or (60)." D. Kan. Rule 7.3(a). Because Petitioner's motion for reconsideration was filed more than 28 days after entry of the order of dismissal, the Court will treat it as a motion under Rule 60. *See* Fed. R. Civ. P. 59(e) ("A motion [under Rule 59] to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.")

Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the

underlying proceedings." *Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995).

In his motion for reconsideration, Petitioner asks the Court to again consider a letter from his attorney that he believed advised him he had one year from the time his direct appeal was finalized to file federal habeas corpus petition. (Doc. 15, p. 2.) Petitioner characterizes the letter as an "impediment to filing an application [for writ of habeas corpus] created by state action in violation of the Constitution or laws of the United States," so he argues that the letter tolled his time to file the present petition. *Id.*; see 28 U.S.C. § 2244(d)(1)(B). Petitioner's reliance on appellate counsel's letter was addressed in the Court's underlying order (Doc. 9, p. 1-2); as such, it is not proper grounds for relief in a Rule 60(b) motion. In addition, as the Court noted in its prior order, the letter in question contained only a general statement of a limitation period with advice that Petitioner contact other possible sources of assistance as soon as possible. *See Id.* at 2. Petitioner's misunderstanding of the controlling time limitation does not warrant equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petition, generally does not excuse prompt filing.").

Petitioner also asserts that the Kansas Department of Corrections mailroom deliberately withheld documents from him and prevented him from accessing the courts. (Doc. 15, p. 2.) The only mailroom issues of which the Court is aware occurred after the deadline to timely file the petition had passed, so cannot provide grounds for the Court to reconsider its finding that the petition

was untimely. (*See* Doc. 11.) Finally, to the extent that Petitioner argues the merits of his petition, those do not provide grounds to excuse untimeliness.

In summary, Petitioner has not asserted sufficient legal grounds for this Court to reconsider its previous order and judgment.

**IT IS THEREFORE ORDERD** that Petitioner's motion for reconsideration (Doc. 15) is **denied.**

**IT IS SO ORDERED.**

DATED:  This 8th day of July, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge